# Cases

# THIRD DEPARTMENT,

AT

## GENERAL TERM,

### January, 1886.

---

AARON SNELL, RESPONDENT, *v.* GEORGE LEVITT, APPELLANT.

*Easements— are embraced within the recording act —* 1 *R. S.,* 762, *sec.* 36 *— when not lost by non-user — the possession must be hostile and adverse in order to operate as an extinguishment of the right.*

In 1862, one Snell conveyed to one Higgins certain land with the right to lay upon other lands of the grantor pump-logs to convey water from the Kingsbury spring to the premises so conveyed. In 1863, Snell and Higgins entered into an agreement, under seal, by which Higgins relinquished the right to draw water from the Kingsbury spring and obtained in place thereof a right to draw water from pump-logs running from another spring which was used to supply water to a railroad. This instrument was not recorded. The plaintiff acquired title to the farm so conveyed to Higgins, by various *mesne* conveyances, all of which were recorded, and all of which granted the right to take water from the Kingsbury spring. From 1863, and until the railroad company changed the mode of drawing water from the railroad spring, the water used on the Higgins farm was obtained from it. In 1883, the plaintiff attempted to again procure water from the Kingsbury spring and was prevented from so doing by the defendant.

*Held,* that as the recording acts applied to easements, the release was void as to the plaintiff, unless he had such notice as prevented him from becoming a purchaser in good faith.

That as the easement was created by grant, it could not be extinguished by non-user.

That the evidence did not establish such an adverse holding by Snell and his grantors as was required to extinguish the easement.

APPEAL from a judgment, entered at the Montgomery Circuit, in favor of the plaintiff for fifty dollars damages and one hundred and eleven dollars and sixty-seven cents costs.

This action was brought for a wrongful interference by defendant with plaintiff's easement and right of drawing water from a certain spring on defendant's land, known as the Kingsbury spring.

August 12, 1862, Edwin Snell and wife conveyed the lot now owned by plaintiff to Frances Ann Eliza Higgins, with the following easement : " The said parties of the first part also grant to the said party of the second part the right to lay any kind of pump logs to convey water from the spring above the site of the old barn on the premises, purchased by the above named Edwin Snell of W. & C. Kingsbury, and to conduct the same from said spring down along the creek running therefrom, until the same can be carried in a straight line to the premises hereinbefore conveyed to the party of the second part; said party of the second part, however, is not to have and use from said spring more than half an inch stream of water, and in digging to lay or repair said logs, said party of the second part is to replace the ground and smooth the same over so as not to do any more injury than necessary and indispensable."

July 1, 1863, Higgins, " for the consideration of seventy-five dollars, agreed to relinquish all her right, title and interest in a certain spring owned by Edwin Snell, known as the Kingsbury spring," and Mr. Snell " agreed to allow her to draw water from pump logs running across lots to his house as long as there shall be water in said logs." This instrument was, under seal, executed by both Snell and Higgins, and attested by two witnesses. It was never recorded. The pump logs mentioned in the instrument were laid from the railroad spring, then owned by Edwin Snell, he having also granted a right to use water from that spring to the railroad company. These logs were laid near the Higgins house, and soon after the execution of the written instrument they were tapped and water carried thence to her premises. This was the case as early as October, 1863, a few months after the date of the instrument.

The water continued to be thus drawn from the railroad spring

and used at the Higgins place as long as the pump logs remained there, and until the railroad company changed the mode of drawing water from that spring some years ago. Since then the water has been obtained of a neighbor by the name of Nellis.

The plaintiff acquired title to the Higgins farm by *mesne* conveyances, all of which granted the right to draw water from the Kingsbury spring and all of which were duly recorded. He first claimed the right, and attempted to exercise it, of drawing water to his place from the Kingsbury spring in September or October, 1883, when he was forbidden to do so by the defendant.

*B. A. Ransom* and *E. Countryman*, for the appellant.

*Wendell & Van Deusen*, for the respondent.

LEARNED, P. J.:

The recording statute applies to easements (1 R. S., m. p. 762, § 68 [36]; 3 Kent Com., 401), therefore the release from Frances A. E. Higgins to Edwin Snell was void against plaintiff unless he had such notice that he was not a purchaser in good faith. (1 R. S., 756, § 1.)

This easement arose by grant. Non-user would not extinguish it. There must be a strictly adverse possession for twenty years. Now the only adverse holding which the defendant claims is this, that after the release from Higgins to Edwin Snell (in which it was agreed that Higgins should draw water from certain pump logs, instead of the Kingsbury spring), the plaintiff and his grantors have drawn from such other source, and the Kingsbury spring has not been used by them. But these facts do not show an adverse holding. It does not appear that the plaintiff's grantors have known, during all this time, that the water was not coming from the Kingsbury spring. Having, by their deed, a right to draw from that spring, and receiving water from the land of defendant and his grantors, they might suppose that they were using the Kingsbury spring.

The essence of an adverse holding is that the right of the claimant is denied. When it has been denied, to his knowledge, for a certain length of time, the law assumes that he can have no right because he has failed to assert it. That case is not presented here.

230 PEOPLE ex rel. EQUITABLE L. ASS. SOC. v. CHAPIN.

Third Department, January Term, 1886.

There was no error in striking out the evidence of Klock, and as there was no question for the jury, it was proper to direct a verdict.

Judgment affirmed, with costs.

Bockes and Landon, JJ., concurred.

Judgment affirmed, with costs.